UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6748-CBM (KK) | Date: | September 26, 2017 |

Title: *Kenneth Wayne Mills v. California Department of Corrections and Rehabilitation*

---

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely [Dkt. 23]

## I.
## INTRODUCTION

Petitioner Kenneth Wayne Mills ("Petitioner") has filed a pro se Second Amended Petition ("SAP") for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence for mayhem and assault based on "illegal imprisonment" and denial of counsel. See ECF Docket ("Dkt.") No. 23, SAP at 4. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

Following a third trial arising out of an incident on March 3, 2005 while Petitioner was a patient at Metropolitan State Hospital in Norwalk, California, Petitioner was convicted of mayhem and assault in Los Angeles County Superior Court. See People v. Mills, No. B247127,

2014 WL 3509975, at *1 (Cal. Ct. App. July 16, 2014).[1]  Petitioner was sentenced to a term of twenty-one years in state prison.  Id.

       On February 27, 2013, Petitioner appealed his conviction in the California Court of Appeal.  California Courts, Appellate Courts Case Information, Docket (Sept. 22, 2017, 5:31 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2038843&doc_no=B247127.  On July 16, 2014, the California Court of Appeal affirmed the conviction.  Id.  The Court noted "This case is the appellant's third trial on these allegations.  Appellant's first trial resulted in a hung jury.  Appellant was found guilty in the second trial but the convictions were reversed on appeal, and the trial court directed to hold a competency hearing (case No. B193456)."  Petitioner does not appear to have filed a petition for review with the California Supreme Court.

       On September 7, 2016, Petitioner filed a petition for habeas corpus in the California Court of Appeal.  California Courts, Appellate Courts Case Information, Docket (Sept. 22, 2017, 5:31 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2154030&doc_no=B277397.  On September 14, 2016, the California Court of Appeal denied the petition.  Id.

       On April 3, 2017, Petitioner filed a petition for habeas corpus in the California Court of Appeal.  California Courts, Appellate Courts Case Information, Docket (Sept. 22, 2017, 5:31 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2187860&doc_no=B281650.  On April 12, 2017, the California Court of Appeal denied the petition.  Id.

       On April 17, 2017, Petitioner constructively[2] filed a federal Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  Dkt. 1, Pet. at 6.

       On May 3, 2017, Petitioner filed a petition for habeas corpus in the California Supreme Court.  California Courts, Appellate Courts Case Information, Docket (Sept. 22, 2017, 5:31 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2197004&doc_no=S241688.  On July 12, 2017, the California Supreme Court denied the petition.  Id.

       On May 3, 2017, Petitioner constructively filed a First Amended Petition in this Court.  Dkt. 5.  On August 18, 2017, Petitioner constructively filed the instant SAP.  Dkt. 23.

///
///

---

[1]    The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

# III.
# DISCUSSION

## A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Pet. at 40. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008);[3] see Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . , including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Here, Petitioner's conviction became final on August 25, 2014, forty days after the California Court of Appeal issued its decision denying Petitioner's direct appeal on July 16, 2014. See Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, August 26, 2014, and expired on August 26, 2015. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until April 17, 2017. Dkt. 1. Therefore, the Court deems the instant Petition untimely by over one year and seven months, in the absence of any applicable tolling.

## B. STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a petitioner is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. Nedds, 678 F.3d at 781.

---

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed R. App. P. 32.1(a).

Nevertheless, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory [gap] tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)." Id. at 780 (citations omitted). If a state court denies the petitioner's state habeas petition and the petitioner fails to file a subsequent state habeas petition within a reasonable time period, the petitioner's unreasonable delay precludes statutory tolling. Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) (holding unreasonable a delay exceeding sixty days because "most States" allow delays of only thirty to sixty days); Stewart v. Cate, 757 F.3d 929, 937 (9th Cir. 2014) (holding unreasonable a delay of 100 days); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding unreasonable delays of 101 days and 115 days). Moreover, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year statute of limitations expired on August 26, 2015. However, Petitioner did not file his first state habeas petition in the California Court of Appeal until September 7, 2016. Because Section 2244(d) does not permit reinitiation of the limitations period, statutory tolling does not render the Petition timely.

## C. EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not appear to specifically identify any reasons entitling him to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than October 16, 2017**. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the**

**Court has attached a Notice of Dismissal form.** However, the Court warns Petitioner any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**